UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 16-1955-JAK (KS)            Date: March 24, 2016

Title    *Victor M. Meraz v. [unknown]*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On March 22, 2016 Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus By A Person In State Custody ("Petition") pursuant to 28 U.S.C. § 2254. According to the Petition, Petitioner was convicted on July 7, 2011 of, *inter alia*, murder (California Penal Code ("Penal Code") § 187) and the personal and intentional discharge of a firearm (Penal Code § 707(d)(1)). The Petition and its attachments indicate that Petitioner appealed his conviction to the California Court of Appeal and the California Supreme Court, which affirmed the judgment of conviction on July 9, 2014. Petitioner did not seek collateral review in any state court. (Petition at 6.)

The Petition appears to presents three claims for relief: ineffective assistance of appellate counsel; a violation of Petitioner's rights under *Miranda v. Arizona*, 384 U.S. 436 (1966); and instructional error based on the trial court's failure to give a "correct, responsive instruction to a jury question on self-defense."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The Court has identified two defects in the Petition that suggest the Petition must be dismissed.

First, the Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences. 28 U.S.C. § 2244(d)(1). For pre-AEDPA convictions, the one year statute of limitations begins to run from the April 1996 implementation of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 16-1955-JAK (KS)                                             Date: March 24, 2016

Title      *Victor M. Meraz v. [unknown]*

Cir. 2001).  In the present case, Petitioner was required to file his federal habeas petition within one year from the latest of:

> (1) "the date on which any impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;"
> (2) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or
> (3) the date on which the factual predicate of the claims presented could have been discovered through due diligence.

*See* 28 U.S.C. § 2244(d).  Here, Petitioner's conviction became final on October 21, 2014, *i.e.*, 90 days after the California Supreme Court affirmed the judgment of conviction. Therefore, Petitioner was required to file his federal habeas petition no later than October 21, 2015.

Instead, Petitioner filed his petition more than 150 days after the AEDPA statute of limitations expired, and he has not specifically alleged any extraordinary circumstances that prevented him from timely filing this action.  *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (a habeas petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing") (emphasis added) (internal quotation marks and citation omitted). Accordingly, the Petition must be dismissed as untimely.

The second defect requiring dismissal is Petitioner's failure to identify a respondent. Typically, the warden of the facility in which the petitioner is incarcerated is the proper respondent to a habeas petition.  Petitioner's failure to name the correct party as respondent requires dismissal for lack of jurisdiction.  *Stanley v. Cal. Supreme Court*, 21 F. 3d 359, 360 (9th Cir. 1994) ("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.") (internal citation omitted).

In light of these defects, **Petitioner is ORDERED TO SHOW CAUSE on or before April 24, 2016 why the Petition should not be dismissed** – that is, Petitioner must file, no later than April 24, 2016, a First Amended Petition For Writ Of Habeas Corpus that:  (1) identifies the correct respondent; AND (2) includes specific factual allegations demonstrating that *either*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 16-1955-JAK (KS)                                                              Date: March 24, 2016

Title        *Victor M. Meraz v. [unknown]*

the Petition is timely under 28 U.S.C. § 2244(d)(1) *or* Petitioner has been diligently pursuing his rights but an <u>extraordinary circumstance</u> prevented timely filing of the Petition.

**Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice Of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

|  | : |
|---|---|
| **Initials of Preparer** | rh |