UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 16-1955-JAK (KS)                              Date: December 19, 2016

Title  *Victor Meraz v. Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Roxane Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: NOTICE OF FILING**

On March 22, 2016, Victor Meraz ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On May 4, 2016, the Court ordered Respondent to respond to the Petition. (Dkt. No. 6.) On August 1, 2016, Respondent filed a Motion to Dismiss ("Motion") the Petition on the grounds that two of Petitioner's three claims for habeas relief are not exhausted and, thus, the Petition is "mixed." (Dkt. No. 12.) On August 15, 2016, Petitioner filed two motions – a motion to amend the Petition (Dkt. No. 14) and a motion to stay the case pending exhaustion (Dkt. No. 15) – in which he conceded that the Petition was "mixed" and sought leave to strike the two unexhausted claims (Grounds One and Two) and stay the case until he completed the exhaustion process for those two claims in the state courts. On August 17, 2016, the Court issued an Order regarding the "mixed" Petition and directing a response from Petitioner. (Dkt. No. 16.) On October 17, 2016, Petitioner filed a motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005). (Dkt. No. 19.)

On October 21, 2016, the Court issued an Order denying a stay under *Rhines* but granting Petitioner's request for a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (2003). (Dkt. No. 20.) The Order clearly set forth the steps Petitioner must take to exhaust his claims and the deadline by which he must do so. (*Id*.)

On November 14, 2016, Petitioner sent a correspondence to the Court indicating that he was confused about how to proceed regarding his unexhausted claims. (Dkt. No. 21.) On November 21, 2016, the Court directed Petitioner to its previous order dated October 21, 2016, and expressly reminded Petitioner that his "Notice Of Filing In Response To Order Granting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-1955-JAK (KS)                      Date: December 19, 2016

Title  *Victor Meraz v. Warden*

*Kelly* Stay" attaching a copy of any pending habeas petition in the California Supreme Court fairly presenting Grounds One and Two, was due within 30 days of the October 21, 2016 Order, *i.e.* on November 21, 2016.  (Dkt. No. 22.)  Despite the reminder, that deadline has now passed and the Court has neither received Notice of Filing nor any communication from Petitioner concerning his case.

      Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a petitioner "fails to prosecute or to comply with these rules or a court order."  Thus, the Court could properly recommend dismissal of the action for Petitioner's failure to timely comply with the Court's orders.

      **However, in the interests of justice, Petitioner is ORDERED TO SHOW CAUSE on or before January 9, 2017 why the action should not be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.  Petitioner's response to this Order to Show Cause must include either:  (1) a request for an extension to file the Notice of Filing accompanied by a sworn declaration (not to exceed 3 pages) explaining the reasons why Petitioner failed to timely comply with the filing; or (2) the Notice of Filing In Response To Order Granting *Kelly* Stay" attaching a copy of any pending habeas petition in the California Supreme Court fairly presenting Grounds One and Two.**

      Alternatively, Petitioner may discharge this Order and dismiss this case by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.  Petitioner is expressly cautioned that his failure to respond to this order will lead the Court to recommend dismissal based on Rule 41 of the Federal Rules of Civil Procedure.

      **IT IS SO ORDERED.**

                                                                                                                                    :

**Initials of Preparer**     rhw